UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LOVETT McRAE,**

**Plaintiff,**

**-vs-** **Case No. 6:05-cv-1767-Orl-22KRS**

**ROLLINS COLLEGE,**

**Defendant.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Rollins College's Motion for Costs and Attorney's Fees Pursuant to Federal Rule of Civil Procedure 41(d). Doc. No. 14[1], and Rollins College's Motion for Entitlement to Attorney's Fees. Doc. No. 19.

**I. BACKGROUND**.

On August 11, 2004, Plaintiff Lovett McRae filed a complaint in this Court against Defendant Rollins College (Rollins), alleging violations of Title VII and of the Florida Civil Rights Act of 1992. *McRae v. Rollins College*, 6:04-cv-1220-Orl-22JGG, at Doc. No. 1 (the Original Federal Case). Rollins appeared and answered the complaint, but filed no other documents. Thereafter, on February 7, 2005, McRae filed a notice of voluntary dismissal. In the

[1] The motion is entitled Rollins College's Motion to Stay Proceedings, but it includes a request for an award of costs, including attorney's fees, under Rule 41(d). The Clerk of Court docketed the motion for stay at doc. no. 13 and the request for an award of costs, including attorney's fees, at doc. no. 14.

notice, he stated that he intended to pursue a state libel claim. *Id.* at Doc. No. 7. The Honorable Anne C. Conway, presiding district judge, dismissed the case without prejudice. *Id*. at Doc. No. 8.

On October 20, 2005, McRae filed a complaint in Florida state court alleging identical claims to those asserted in the Original Federal Case. Doc. No. 4-2; *see also* Doc. No. 2. Rollins removed the state case to this Court. Doc. No. 1.

Thereafter, Rollins moved under Federal Rule of Civil Procedure 41(d) for an order requiring McRae to pay its costs, including attorney's fees, associated with responding to the complaint in the Original Federal Case. It also requested that the Court stay the proceedings in the present case until McRae complied with any order entered on the motion for costs. Doc. No. 9.

In his response to the motion for stay, McRae stated that the Title VII claim was inadvertently filed in state court, and that he was pursuing a state law defamation claim. He wrote that he had offered to stipulate to dismissal of the present case with prejudice. Doc. No. 17. Based on this response, Judge Conway entered an order dismissing McRae's Title VII claims, remanding to state court the claims under the Florida Civil Rights Act, and retaining jurisdiction to rule on Rollins's request for costs. Doc. No. 18. Thereafter, Rollins timely filed a second motion for attorney's fees under Title VII. Doc. No. 19.

Judge Conway referred both the motion for an award of costs under Rule 41 and the motion for attorney's fees under Title VII to me for issuance of a report and recommendation.

## II. ANALYSIS.

### A. *Award of Costs Under Rule 41(d).*

Federal Rule of Civil Procedure 41(d) provides as follows:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

By its terms, imposition of costs under Rule 41 is a decision vested in the discretion of the trial court. If costs are awarded, but not paid, the Court may dismiss the refiled case. *Cf. Ford Motor Co. v. Sanderson*, 90 F.R.D. 375 (N.D. Ala. 1981)(dismissing refiled case due to plaintiff's failure to pay costs taxed by the court of appeals).

Here, it is not disputed that McRae filed an action based on Title VII and the Florida Civil Rights Act in this Court, voluntarily dismissed that action, and then filed a complaint stating the same claims against the same defendant in state court. This is the standard scenario to which Rule 41(d) applies. However, rather than ordering McRae to pay Rollins's costs and staying the refiled action until such costs were paid, Judge Conway dismissed the Title VII claims and remanded the state law claims.[2] Because the ultimate sanction under Rule 41(d) is dismissal of the lawsuit if costs are awarded, but not paid, it appears that Rollins has obtained the relief available to it under Rule 41(d).[3]

---

[2] Rollins does not contend that McRae continued to litigate the Florida Civil Rights claims in state court following remand.

[3] In its Motion for Entitlement to Attorneys' Fees, Rollins acknowledged that its Motion to Stay, which included a request for an award of costs, was moot following the Court's dismissal of the present case. Doc. No. 19 at 2.

Even if an award of costs was not rendered moot by dismissal of the refiled case, such an award would not be appropriate. In the only case I found based on similar facts, the court declined to award costs under Rule 41(d) because the defendant did not show that the plaintiff dismissed the original case and subsequently refiled the case with vexatious intent or to gain a tactical advantage. *See Robinson v. Nelson*, No. 98-10802-MLW, 1999 WL 95720 (D. Mass. Feb. 18, 1999). In *Robinson*, the plaintiff, appearing *pro se*, filed two earlier cases against the defendant, each of which he voluntarily dismissed. When he filed the same claims again in the United States District Court for the District of Massachusetts, the defendants sought, among other things, an award of costs under Rule 41(d). After retaining a lawyer, the plaintiff agreed to dismiss the claims filed in the District of Massachusetts. Nevertheless, the defendants continued to press their motion for an award of costs under Rule 41(d). *Id*.

In denying the motion, the court noted that the defendants did not explain how dismissal of the earlier filed cases and refiling of the claims in the District of Massachusetts was, or was intended to be, vexatious. It was also not a situation in which the plaintiff was seeking a tactical advantage because he suffered setbacks in the earlier filed cases. Rather, it appeared to the court that the plaintiff simply was uncertain about the proper forum in which to bring his claims. *Id*.

Similarly, in the present case Rollins does not assert that McRae acted with an improper motive in dismissing the Original Federal Case and refiling the case in state court. There was clearly no tactical advantage to this action because the case was promptly removed to this Court based on the assertion of violation of a federal statute. In response to the Rule 41(d) motion, counsel for McRae promptly responded that the Title VII claim should not have been filed in state court and indicated that he had offered to stipulate to dismiss the refiled case with prejudice. Doc.

No. 17. There is no indication that McRae continued to pursue any civil rights claims in state court following remand of the Florida Civil Rights Act claims. Accordingly, even if an award of costs were appropriate after the refiled case was dismissed, there is no factual basis supporting such an award in this case.

*B. Award of Attorneys' Fees Under Title VII.*

A court may award reasonable attorney's fees to a prevailing party under Title VII. 42 U.S.C. § 2000e-5(k) [4]; *see Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1316 (M.D. Fla. 2002). In its motion, Rollins assumes, without analysis, that it is a prevailing party for purposes of Title VII. However, "[t]o prevail, a party *must* be awarded *some relief* by a court" that results in a "'material alteration of the legal relationship of the parties.'" *Jerelds*, 194 F. Supp. 2d at 1316 (original emphasis)(quoting *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 604 (2001)).

Rule 41(a)(1) provides, in pertinent part, that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." However, McRae did not file a notice of dismissal of the refiled claim. He simply indicated that he had offered to stipulate to dismissal with prejudice, which offer Rollins apparently did not accept.

---

[4] The statute provides, in relevant part, as follows:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs . . . .

42 U.S.C. § 2000e-5(k).

It appears, therefore, that the dismissal in this case was one made pursuant to Rule 41(a)(2). Rule 41(a)(2) provides that "[u]nless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Because the order dismissing McRae's Title VII claims did not specify that it was with prejudice, Rule 41 requires that it be treated as without prejudice. A dismissal without prejudice does not support a finding that a defendant was a prevailing party. *See, e.g., Pacific Cigar, Co. v. United States*, 350 F. Supp. 2d 1248, 1252-53 (Ct. Int'l Trade 2004). Accordingly, Rollins has not achieve the status of "prevailing party" necessary to be eligible for an award of attorney's fees under Title VII.

## III. RECOMMENDATION.

For the reasons stated herein, I respectfully recommend that Rollins's Motion for Costs and Attorney's Fees Pursuant to Federal Rule of Civil Procedure 41(d), doc. no. 14, and Motion for Entitlement to Attorney's Fees, doc. no. 19, be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 24, 2006.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy